## Case No. 16,960.

### VIRGINIA v. EAKIN.

[1 Cranch, C. C. 83.] [1]

Circuit Court, District of Columbia.   April Term, 1802.

CRIMINAL LAW—INFORMATIONS—DISCONTINUANCE.

An information at the suit of the commonwealth of Virginia may be discontinued before appearance of the defendant.

Information for retailing spirituous liquors. In September, 1799, the presentment was made in the court of hustings, and summons issued to show cause why an information should not be filed, returnable to December, 1799. In July, 1800, the defendant being called, failed to appear, and his default was recorded, and the court ordered an information to be filed. In September, 1800, the information was filed, and a summons served on the defendant to answer it. At January term, 1802, the causes depending in that court having been by law transferred to this court, the defendant being called, failed to appear, and a capias was ordered returnable to this term, upon which the defendant was taken and recognized to appear. No process appears to have issued, and no proceedings had after September, 1800, until January, 1802. It was urged, for the defendant, that there had been a discontinuance.

Mr. Mason, for the commonwealth. The United States are always in court. In Virginia no cause can be discontinued. Rev. Code, 90. A summons was served on the defendant to show cause why an information should not be filed. He was in court by virtue of that summons.

THE COURT decided that the case had been discontinued, notwithstanding the act of Virginia. p. 90, and ordered the capias to be quashed.

KILTY, Chief Judge, contra.

Several other cases were dismissed on the same ground.

VIRGINIA v. EVANS.   See Case No. 16,969.

## Case No. 16,961.

### VIRGINIA v. GORDON.

[1 Cranch, C. C. 48.] [1]

Circuit Court, District of Columbia.   Jan. Term, 1802.

GRAND JURY—INDORSEMENT OF NAME OF WITNESS ON PRESENTMENT.

The indorsement of the name of the witness by the grand jury on the presentment, is prima facie evidence that it was made upon his testimony.

Information for retailing liquors, &c.

The witness, Michael Stieber, testified that he bought liquor of the defendant [Robert Gordon] about three weeks before he gave evidence to the grand jury who found the presentment upon which this information

was filed; and that he never gave evidence before them against the defendant but once.

Mr. Mason, for the United States, offered to prove the time of his being sworn to the grand jury by the record of the presentment, which states it to be made on the information of Michael Stieber, the present witness.

On considering the act of 1795 making it a part of the duty of the grand jury to indorse on the presentment the name of the person on whose information it was found, THE COURT permitted the record to go in evidence to the jury to prove the time when the witness testified to the grand jury.

MARSHALL, Circuit Judge, doubting.

## Case No. 16,962.

### VIRGINIA v. HOOFF.

[1 Cranch, C. C. 21.] [1]

Circuit Court, District of Columbia.   July Term, 1801.

CRIMINAL LAW—ARREST OF JUDGMENT.

If the information upon a by-law state that the penalty accrued to the commonwealth, when, by charter, it accrued to the town, the judgment must be arrested.

Information [against Lawrence Hooff], for keeping a slaughter-house in the town of Alexandria, contrary to a by-law of the corporation.

THE COURT arrested the judgment on the ground that the information stated that the penalty accrued to the commonwealth. By the act of incorporation of Alexandria, all penalties for breaches of by-laws were to be for the use of the town, and to be levied by distress and sale of the offender's goods.