[No. 3061.  Decided December 20, 1898.]

MAE H. KENNEDY, *Appellant*, v. SCHOOL DISTRICT No. 1, SNOHOMISH COUNTY, *Respondent*.

SCHOOL DISTRICTS—EMPLOYMENT OF TEACHERS—RESCISSION—PLEADING AND PROOF.

Where the only issue raised by the pleadings is an allegation and a denial of a contract of employment as a teacher, evidence of a rescission of the contract is inadmissible.

Where a school board, after determining to reduce its corps of teachers from thirteen to twelve, for the ensuing year, passed a resolution re-employing all, but reserving the right to remove one of the teachers, in case all accepted, the action of the board in requesting one of the teachers to resign after she had accepted the contract of employment, was not equivalent to a removal.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge.  Reversed.

*T. J. Humes,* and *Ballinger, Ronald & Battle,* for appellant.

*Bell & Austin,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The present action was brought by the appellant to recover damages for breach of contract.  The complaint alleges that she is the holder of a legal certificate authorizing her to teach school; that she was employed by the respondent to teach for a term of nine months at a stated salary of $50 per month, and accepted such employ-

ment; that she reported for duty, and was at all times ready to perform the contract upon her part; and, being unable to secure employment during any portion of the term, at the expiration of it brought her action. The answer is a simple denial of the contract of employment. A jury was waived, and the lower court, upon trial, gave judgment in defendant's favor, and the plaintiff has appealed.

At the trial in the lower court the records and minutes of the board of directors were received in evidence, from which it appears that a resolution was regularly adopted at a directors' meeting held on the 27th of March, 1896, a portion of which we quote:

" Resolved, that all the teachers whose terms are now expiring be employed for the ensuing year, provided that the board reserves the right to relieve one teacher in pursuance of the foregoing resolutions if all desire to accept; and resolved, that all teachers shall be requested to file their written acceptance of the several positions with the clerk of the board within thirty days from this date; and resolved, that the clerk be instructed to forthwith notify all teachers of this action of the board."

Prior to the passage of this resolution the corps of teachers comprised thirteen members, and by this resolution the number was reduced to twelve. By the same resolution the salary of the teachers was fixed at $50 per month, and the term of employment nine months. Pursuant to the resolution, the clerk, on March 30th, mailed to plaintiff the following written notice, viz.:

" Snohomish Public Schools. School Board: L. F. Hart, R. M. Folsom, C. E. Hewitt. Snohomish, Wash., Mar. 30, 1896. To Miss Kennedy—Miss Kennedy: You are hereby notified that at a meeting of school board district No. 1 held Friday evening, Mar. 27, 1896, you were re-engaged a teacher of Snohomish School at a salary of $50 per month. Please signify your acceptance. By

order of board of directors.  P. H. Meeks, Clerk.  Term of school, 9 months."

On the following day plaintiff gave to the clerk written notice of her acceptance.  It also appears that all of the teachers whose terms were expiring gave like notice of their acceptance.  At a subsequent meeting of the board of directors a resolution was passed directing the clerk to request the plaintiff to resign, and at the same meeting it appears that the board accepted the resignation of two of the teachers who had previously accepted the terms embodied in the resolution of March 27th heretofore set out. On May 12th the clerk transmitted the following letter to the plaintiff:

" To Miss May H. Kennedy—Miss Kennedy:  The school board in pursuance of the resolution employing the old corps of teachers, has found it necessary to drop one from the list, all having accepted the offer.  You are therefore notified that by order of the board you have been dropped from the list, being the last one employed, and this early notice is given so that you may avail yourself of the opportunity of securing another position.  P. H. Meeks, Clerk."

It is conceded that the plaintiff did not "resign," and that no further action was taken in the premises by the board.

There are two sufficient reasons why the judgment must be reversed:

1. As noticed, this is an action for a breach of a contract of employment.  The only issue raised by the answer is the fact of employment.  The resolution of March 27th and plaintiff's acceptance of the proposition it contained, constituted in law a contract of employment, and entitled the plaintiff to recover; and the evidence of the subsequent action of the board requesting the plaintiff to resign was inadmissible.  The only purpose this evidence could serve

26—20 WASH.

would be to show that the board had legally withdrawn from or rescinded the contract previously entered into,—a question not embraced within the issues as made up.

2. Upon the evidence received at the trial, without regard to the pleadings, the plaintiff is entitled to recover. At the time of the passage of the resolution of March 27th there were thirteen teachers employed by the district. It was proposed for the ensuing year to reduce the number to twelve, and it was deemed advisable to make up the new corps from the body of the old. Subject, therefore, to the right of the board to "relieve" one of the thirteen in the event that all should accept the newly proffered employment, the proposition of March 27th constituted a contract with each of the old teachers who might choose to accept. The word "relieve," as used in the resolution, is synonymous with the word "remove." When all accepted, it was for the board to say which of the thirteen—they standing upon an equal footing—should be removed, but until they exercised the right to remove one the contract was effective and binding as to all. It seems clear to us that the board never did "relieve" or "remove" the plaintiff. They simply directed the clerk to request her to resign. It is not necessary to advert to the fact that the clerk's communication went beyond this, because it is not contended that he had any authority to exceed the direction contained in the resolution of the board. The resolution requesting her to resign was not the equivalent of a resolution removing her, and cannot be given the same legal effect. The board may have considered it only fair to secure, if possible, the resignation of some one willing to give it, and, as there were thirteen of whom such a request could be made, they may have considered it probable that a voluntary resignation could be secured; but, irrespective of the motives inspiring the board, they did not proceed in a legal manner to withdraw from the contract by re-

moving the plaintiff, and there was no lawful rescission.

The judgment must be reversed, and the cause remanded, with direction to the lower court to enter a judgment in plaintiff's favor for the sum demanded in her complaint.

DUNBAR, ANDERS and REAVIS, JJ., concur.