[No. 21205.   Department One.   September 5, 1928.]

ARTHUR M. COPE et al., Appellants, v. SCHOOL DISTRICT No. 122, DOUGLAS COUNTY, Respondent.[1]

G. M. Ferris and F. M. O'Leary, for appellants.

Frank B. Malloy and John W. Hanna, for respondent.

TOLMAN, J.—The appellants brought this action, alleging that the wife had been·regularly employed by the defendant School District by written order, made on the 12th day of April, 1926, to teach in its district school for a term of nine months, commencing on the

[1]Reported in 270 Pac. 120.

7th day of September, 1926, at an agreed salary of one hundred and twenty-five dollars per month; that, at the time the wife was so elected, she was the holder of a valid teacher's certificate and diploma duly issued, was thoroughly qualified for the position and had been regularly employed as a teacher in the same district for the previous year; that thereafter the plaintiff wife duly signed a written contract, prepared by the district, covering the terms of the employment, which contract was delivered to the officers of the district; that the wife reported for duty when school opened in September, 1926, as provided by the contract, but that the district refused to permit her to teach or to perform the contract; that she had been unable to secure other employment as a teacher; and the prayer is for a judgment for the wrongful breach of the contract on the part of the district in the full sum of the compensation provided by the contract, or $1,125.

The district answered with appropriate admissions and denials, and pleaded affirmatively that, while the directors of the district had, on April 12, 1926, elected Mrs. Cope as a teacher for the time and on the terms alleged, yet that thereafter the school board, at a subsequent special meeting held on May 27, 1926, rejected her application by resolution, regularly passed and entered in the minutes, and gave her notice of such rejection.

It is further pleaded that no written contract between the board of directors and Mrs. Cope was ever signed by the directors, and that no contract between the district and Mrs. Cope was ever approved and registered by the county superintendent of schools as required by law.

A further affirmative defense is to the effect that the court has no jurisdiction of the subject-matter of the action for the reason that Mrs. Cope prosecuted no

appeal from the decision of the directors to the county superintendent as required by law.

The case was tried by the court sitting without a jury, resulting in findings which, so far as material here, are:

"(3) That no legal and binding contract was entered into between plaintiff, Mrs. Arthur M. Cope, and defendant upon which plaintiffs could recover in this action, for the reason that such contract, if any existed, was never approved by the county superintendent of schools of Douglas county, Washington, or registered in the office of said county superintendent.

"(4) That the plaintiff, Mrs. Arthur M. Cope, never appealed to the county superintendent of schools of Douglas county, Washington, from the action of the school board of defendant school district taken on the 27th day of May, 1926, or from the refusal of said school district board to permit her to teach in the schools of said district for the school year commencing in September, 1926, and that the court is without jurisdiction to hear or determine said cause."

Exceptions were duly taken to these findings, and thereafter the court entered its judgment in accordance with the findings, dismissing the action with prejudice, from which judgment the plaintiffs have appealed.

To a better understanding of the issues, it may be further said that the evidence tended to show, without substantial conflict, that the board of directors did, at the meeting of April 12, 1926, elect Mrs. Cope to teach the first and second grades during the ensuing school year at a salary of one hundred and twenty-five dollars per month, and directed the clerk of the district, who was not a member of the board, but its compensated employee only, to prepare and present to Mrs. Cope, for signature, a contract. The clerk did so prepare and present a written contract, which is on a printed form consisting of one sheet, headed:

"Notice of Teacher's Contract.

"To Mrs. A. M. Walker, county superintendent of schools:

"The following contract has been made in accordance with the action of the board of directors, as found in the minutes of the meeting of the 12 day of April, 1926. (Signed) T. N. Mayfield,
"Clerk District No. 122.

"Teacher's position (if a graded school) First and Second Grade.

"(This item is for the information of the county superintendent and is not a provision of the contract.)"

Then follows a contract in printed form headed by the title, "Teacher's Contract," with the blanks properly filled, at the end of which, following the date line, left blank, are three blank lines for signature which are bracketed and designated "directors of school district No.................." Below this is a line for signature followed by the word "Teacher" and at the left is "Attest: ...........................................Clerk."

Undoubtedly, Mrs. Cope signed on the line designated for the teacher's signature. While it is admitted that the clerk signed the initial paragraph preceding the contract proper, as above indicated, there is a sharp conflict in the testimony as to whether the clerk signed the attesting line at the end of the contract, and it is admitted that no one of the directors signed the contract. This contract signed by the teacher, at the solicitation of the clerk, was returned to the clerk.

Thereafter, on May 27, 1926, the board of directors held another special meeting, from the minutes of which we quote:

"Minutes of last meeting read and approved with the exception of Mrs. A. M. Cope and Mrs. Adaline Whaley's applications as teachers which are rejected. . . . Mrs. Naomi Osbern elected to teach first and

second grade at $125 One Hundred Twenty Five Dollars pr. month.''

It further appears without conflict that the contract signed by the teacher and returned to the clerk was never presented to the county superintendent of schools, or registered in her office, and that Mrs. Cope took no appeal to the county superintendent of schools from any of the actions of the board which are complained of.

Further, it appears conclusively that Mrs. Cope learned of the action of the board of directors taken at the meeting of May 27, within a few days thereafter; went to the clerk and demanded her contract; was told that it had not been signed by the directors; that it had been rejected by them; that it had been destroyed, and was shown the minutes of May 27. She further testified that, being in doubt as to what position the board would finally take, she then made no attempt to procure other employment, but presented herself at the opening of school ready to perform her duties and was then informed by the principal of the school that there was no place for her.

The first question which presents itself for decision is: Was there an employment of the appellant on written order of a majority of the directors of the district, within the meaning of Rem. Comp. Stat., § 4851, which provides:

''No teacher shall be employed except by written order of a majority of the directors of the district at a regular or special meeting thereof, . . .''

The trial court, by its findings already quoted, seems to have passed the question of whether or not there was here a valid contract under the statute, irrespective of its presentation to, and registration by, the county superintendent, but we are now of the view

that this is the fundamental and controlling question in the case.

The statute already quoted, § 4851, must be read and construed in the light of a later legislative enactment found in Rem. Comp. Stat., § 4776, which defines and regulates the powers and duties of school directors; and so far as is here material, reads:

"Every board of directors, unless otherwise specially provided by law, shall have power and it shall be its duty:

"First: To employ for not more than one year, and for sufficient cause to discharge teachers, and to fix, alter, allow and order paid their salaries and compensation. The directors, except in districts of the first class, shall make with each teacher employed by them a written or printed contract, which shall be in conformity with the laws of this state, and every such contract shall be made in duplicate, one copy of which shall be retained by the school district clerk, and the other shall be delivered to the teacher after having been approved and registered by the county superintendent as by law required."

So that we find that the "written order of a majority" of the earlier statute becomes, by reason of the later statute, "a written or printed contract, which shall be in conformity with the laws of this state."

Other laws here in force, therefore, become pertinent and, since it is apparent that the contract could not be performed within one year, the statute of frauds, Rem. Comp. Stat., § 5825, is hereby made applicable. That section, so far as now material, reads:

"In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say: (1) every agreement that by its terms is not to be performed in one year from the making thereof; . . ."

There was here a writing, without doubt, but was it signed by the party to be charged? The notice of teacher's contract, though on the same sheet of paper with the contract, is clearly no part of the contract between the district and the teacher. It is simply what it purports to be, a notice to a third party of what follows. The signature of the clerk of the district to this notice cannot be held to be a signature of the separate and independent instrument thereafter printed and written on the same sheet of paper, without unduly extending the already sufficiently extended rule announced in *Wright v. Seattle Grocery Co.,* 105 Wash. 383, 177 Pac. 818, and kindred cases.

Even if we should hold, upon the conflicting evidence before us, that the clerk signed at the end of the contract where the line "Attest: .................................Clerk" appears, it would not aid appellants' case, because the record is barren of any evidence that the clerk was ever lawfully authorized to bind the district by his signature. This also disposes of the contention that the clerk's minutes of April 12 were a sufficient memorandum in writing because signed by the clerk. Possibly the board might have authorized its clerk to sign for the district; but in the absence of any showing that such authority was given, it must be presumed that his duties were clerical only and that he had no power to bind the district in any respect.

We do not in any sense, or to any degree, commend the board of directors or approve its action, which it must be admitted was likely to deceive the unwary, whether so intended or not, but notwithstanding such moral considerations, where the law is plain and its general purpose is good, it must be upheld.

Appellant cites and relies upon the case of *Kennedy v. School District No. 1,* 20 Wash. 399, 55 Pac. 567, and a long line of cases from other states. The *Kennedy*

case was decided before the enactment of § 4776 and whether or not the statute of frauds was there applicable, it is now unnecessary to determine. At any rate, that question was not raised or in any way referred to by the court in its decision.

None of the many cases from other states cited by appellants are authority against the position which we have here taken except, perhaps, the cases of *Baxter v. School District of Miller*, 217 Mo. App. 389, 266 S. W. 760 and *Faulk v. McCartney*, 42 Kan. 695, 22 Pac. 712.

The decisions in these cases seem to be based upon statutes differing in some respects from our own, but in them will, perhaps, be found conclusions and reasoning differing from what we have indulged in here. In so far as these cases announce a different rule, their reasoning does not appeal to us, and we decline to follow them.

The judgment appealed from is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.