EDWIN R. KNOTTS *v.* BOARD OF EDUCATION, *etc., of Bridgeport.*

(No. 7465)

Submitted November 1, 1932.   Decided November 15, 1932.

*W. Bruce Talbott,* for relator.
*A. M. Cantrall* and *Kendall H. Keeney,* for respondent.

HATCHER, PRESIDENT:

The petitioner, a teacher of manual training, seeks a mandamus to compel the defendant board of education to complete an alleged contract of employment with him to teach school.

The records of the board relating to this matter contain the following minutes: At a meeting of the members on March 19, 1932, ''Motion made and carried that the following teachers for the high school be employed; * * * E. R. Knotts * * *. Motion made and carried that no teacher be offered a contract until proper certificate be filed with the secretary.'' At a meeting on April 13th, ''Motion made and carried that the employment of any teacher be deferred until a later date.'' And at a meeting on June 18th, ''* * * Motion made and carried that our manual training department be discontinued for the present. * * * Motion made and carried that since the manual training department was being discontinued, that a manual training teacher would not be needed.''

The petitioner was notified by letter of the secretary, written June, 18th of the action taken by the board on that day.

Petitioner says he disregarded the notification because of a verbal representation that he would be employed, made to him by the president of defendant about the last of May (1932). The petitioner had not procured his certificate from the department of education on June 18th, though he did receive it later (about September 1st). He reported to the principal of the high school for duty each day of the opening week in September, but was assigned to no work. On September 10th he presented the board with a standard form of teacher's contract, signed by himself, which was returned to him by defendant, unsigned.

Code 1931, 18-7-1, provides that a school teacher shall be appointed (a) on or before the first Monday in July in each year if practicable, and (b) the appointment shall be in writing according to the form of contract to be furnished by the state superintendent of schools. The appointment is not complete until the last act required of the board is performed, to-wit, its execution in writing of the formal contract. See *Taylor* v. *Board of Education*, 111 W. Va. 52, 160 S. E. 299, and authorities there cited. Petitioner's appointment was never legally completed. It is unfortunate that he relied on his conversation with the president of defendant, as that conversation is not binding on defendant. *Pa. L. R. Co.* v. Board, 20 W. Va. 360; *Honaker* v. *Board*, 42 W. Va. 170, 24 S. E. 544. Even his selection on March 19th was dependent on the filing of his certificate with the secretary. Before he took steps to secure the certificate, to-wit, on June 18th, the board withdrew his tentative selection and so notified him. Therefore, he presents no legal right in support of his demand, much less the requisite clear legal right of an executed contract by the board.

The writ is refused.

*Writ refused.*