LAWRENCE B. COPLEY *v.* W. W. TRENT, *State Superintendent, etc.*

(No. 8362)

Submitted October 13, 1936.   Decided October 20, 1936.

*Homer A. Holt,* Attorney General, and *Ira J. Partlow,* Assistant Attorney General, for plaintiff in error.

*Lee, Blessing & Steed,* for defendant in error.

LITZ, JUDGE:

This is a writ of error to the judgment of the circuit court of Kanawha County in a proceeding by certiorari.

On July 28, 1935, Lawrence B. Copley, filed with the State Superintendent of Free Schools his application, accompanied by the recommendation of Frank E. Arnett, county superintendent of schools of Wayne County, for the renewal of his certificate as a first grade elementary teacher, pursuant to Code, 18-7-30, as amended by chapter 10, Acts of the Legislature (First Ex. Session) 1933, and chapter 37, Acts (Second Ex. Session) 1933. After the filing of the application, a number of residents of Wayne County filed with the State Superintendent a petition questioning the moral fitness of the applicant to teach in public free schools. Separate affidavits of residents of Wayne County were also filed in support of the charges contained in the petition. On September 10th, following, a hearing was had upon the charges before the State Superintendent of Schools at which time the affidavits theretofore filed in support of the charges and counter-affidavits were admitted in evidence. Depositions were also taken on behalf of the applicant. At the conclusion of the hearing, the State Superintendent took time to consider of his judgment. On the 25th of the month, he advised Copley by letter: "I am writing to state to you by letter the message I gave to you by telephone this afternoon. That message reads: 'On the basis of the information gained by a representative of the Department who visited your county on Friday, September 20th and on the request from the County Superintendent that his recommendation for a certificate for you be withdrawn, I am advising that your certificate cannot and will not be renewed.' As stated to you and your friends at the hearing I am interested in all teachers but I am more interested in the welfare of the children. With this principle in mind I came to the conclusion revealed to you in my telephone conversation."

On October 15, 1935, after the writ of certiorari had been awarded by the circuit court of Kanawha County

to his ruling, the respondent attempted to hold another hearing, in which the applicant did not participate. The evidence then taken and later filed with the return in this proceeding, was, upon motion of plaintiff, stricken from the record. This ruling was correct. Respondent could not change the record after the institution of certiorari. *Bee* v. *Seaman*, 36 W. Va. 381, 15 S. E. 173; *Cushwa* v. *Lamar*, 45 W. Va. 326, 32 S. E. 10. Upon a hearing, the circuit court reversed the State Superintendent and granted the petitioner, Copley, a renewal of his certificate as a first grade teacher.

Circuit courts, upon certiorari, are authorized, under Code, 53-3-3, to review matters of law and fact and to dispose of the cases as "law and justice may require." Counsel for respondent, apparently conceding that this court would not be warranted in reversing the circuit court on the issue of fact, involving the moral character of petitioner, insist that the ruling of respondent, based upon the alleged withdrawal of the county superintendent's recommendation, is impregnable. We cannot accept this view. Assuming (but not deciding) that the county superintendent may, in a proper case, withdraw his recommendation of a teacher desiring to renew his certificate of qualification, the respondent was not justified in dealing with the alleged withdrawal *ex parte* and denying the application of petitioner without further hearing.

The order of the circuit court is, therefore, affirmed.

*Affirmed.*