LAWRENCE B. COPLEY *v.* BOARD OF EDUCATION OF WAYNE COUNTY

(No. 8635)

Submitted May 11, 1938. Decided May 17, 1938.

*F. F. Scaggs,* for plaintiff in error.
*Lee, Blessing & Steed,* for defendant in error.

KENNA, JUDGE:

The Board of Education of Wayne County, plaintiff in error and defendant below, is seeking to set aside a judgment for $1,025.98 against it and in favor of Lawrence B. Copley, which was entered in the Circuit Court of Wayne County on April 13, 1937. The proceeding was

by notice of motion, opposed by counter affidavit, and the general issue was submitted to the court in lieu of a jury. The regular judge being disqualified, a special judge sat in the case.

From the record there appears to have been no material conflict in the evidence. On May 6, 1935, Copley, who held a first-grade elementary certificate expiring July 1, 1935, was assigned to teach in Tick Ridge School upon the list of teachers submitted to the board of education by the assistant county superintendent. The recommendations of the assistant county superintendent represented by this list were by the board "accepted as read". The salary of Copley was fixed at $105.00 a month, the basic salary being $85.00 and $20.00 a month being added for his previous ten years' experience. The minutes of the board of education for a meeting held May 6, 1935, disclose that the recommendation of the assistant county superintendent, which the board acted favorably upon, contained the following condition or proviso: "Provided that they secure a certificate * * * ."

A renewal of his certificate was withheld from Copley July 1, 1935, whereupon he procured from the county superintendent a blank contract, filled it out and, together with a health certificate, filed it with the county superintendent.

The Wayne County public schools opened on September 9, 1935.

On September 10, 1935, the State Superintendent of Schools gave Copley a hearing upon the charges that had caused his certificate to be withheld. On September 20th, the State Superintendent advised Copley that his certificate would not be issued. Apparently, this action of the State Superintendent was based upon a report made to him by a representative of the Department of Education who had visited Wayne County and made an investigation at a time after the hearing was closed by the State Superintendent.

On November 15, 1935, in a *certiorari* proceeding brought by Copley, a final order was entered by the Cir-

cuit Court of Kanawha County directing that the State Superintendent issue to him a first-grade elementary certificate. The order of the Circuit Court of Kanawha County was affirmed by this Court on October 20, 1936 (*Copley* v. *Trent*, 117 W. Va. 768, 188 S. E. 138), on the ground that *ex parte* proof could not be considered by a *quasi*-judicial officer without granting those affected by the proof an opportunity to be further heard, along with full information concerning the proof that they were required to meet. After the order of this Court, the State Superintendent issued to Copley a first-grade elementary certificate purporting to be valid from July 1, 1935, to July 1, 1940.

There are two statutory requirements in the nature of conditions precedent which must be complied with before a person acquires the privilege of teaching and being paid therefor by a board of education. First, he must have a valid contract in writing with the board of education of the county in which he expects to teach "according to the form of contract to be furnished by the State Superintendent of Schools." Code, 18-7-1. Second, "At the time he enters upon his duties," he must hold "a valid teacher's certificate covering the period of his employment." Code, 18-7-15. It will be noted that the statute does not require him to hold a valid teacher's certificate at the time he enters into his contract with the board of education. He simply must hold it "at the time he enters upon his duties."

The defendant in error never obtained a written contract signed by the Board of Education of Wayne County. Neither did he ever enter upon his duties.

Counsel for defendant in error cite the case of *Rhodes* v. *Board of Education*, 95 W. Va. 57, 120 S. E. 183, to sustain the proposition that the "failure of school officials", as required by statute, to sign a teacher's contract, does not prevent that contract from becoming valid. We cannot agree with the contention that the *Rhodes* case so holds. In that case the contract prescribed by the State Superintendent had been executed

by the teacher and had been signed by the president of the board of education; the question was simply whether the signature of the secretary of the board of education was also essential to the validity of the contract. This Court held, in effect, that the secretary of a board of education, as such, had no contractual capacity, and that his duty of signing a teacher's contract is but ministerial: this in spite of the fact that the statute expressly requires his signature. Code, 18-7-1. Copley's contract was not signed by the president of the board or anyone assuming to act for the board. We believe, for that reason, the statute was not complied with, and Copley is entitled to receive no pay. *Knotts* v. *Board of Education,* 113 W. Va. 56, 166 S. E. 703.

Furthermore, we fail to perceive how it can be contended that Copley had complied with the provisions of Code, 18-7-15, by having a valid teacher's certificate at a time he entered upon his duties. This Court has already held that he was entitled to a certificate at that time, and has affirmed an order of the Circuit Court of Kanawha County which was entered in the prior October a year from then. *Copley* v. *Trent,* 117 W. Va. 768, 188 S. E. 138. But even should we hold that the subsequent orders of the court became retroactive to July 1, 1935 (the date fixed by the certificate that Copley actually received from the State Superintendent), it is not perceived how chapter 18, article 7, section 15, which prohibits a person to be employed or to receive for teaching any part of any free school fund "who does not at the time he enters upon his duties hold a valid teacher's certificate covering the period of his employment", can be complied with save by those who in fact do enter upon their duties. This defendant in error did not do so. It may be that the consequence indeed is a hardship, but in creating and maintaining high standards for our public educational system it would perhaps be difficult to enact laws the enforcement of which would invariably result in no hardship.

For the reasons stated, being of the opinion that the

proof exhibited by this record fails to sustain the judgment, it is ordered that the judgment be reversed, and this Court, proceeding to enter such order as should have been entered by the circuit judge sitting in lieu of a jury, orders that the plaintiff below take nothing.

*Reversed; final order entered.*