Leslie L. SPICER, Appellant,

v.

ANCHORAGE INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 576.

Supreme Court of Alaska.

Feb. 14, 1966.

Joe P. Josephson and John R. Strachan, Josephson & Strachan, Anchorage, for appellant.

Harold J. Butcher, Butcher & Biss, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant was employed by appellee as a school teacher for the 1960–61 and 1961–62 school years. In January 1962, appellant returned to appellee a "Teacher Intention" form that had been given to him, indicating thereon his desire to continue his employment for the 1962–63 school year.

On March 14, 1962 an assistant superintendent of schools sent a letter to appellant stating, among other things, that appellant's contract for the 1962–63 school year had been approved by the school board the previous day. On May 23, 1962 the superintendent of schools wrote to appellant stating that the school board had rescinded its action of March 13 offering appellant employment as a teacher, and that appellant would not be issued a contract for the 1962–63 school year.

Appellant brought this action seeking damages for breach of contract and a declaratory judgment to the effect that appellant was entitled to the benefits of the

Teachers' Tenure Act of 1960.[1] The trial court granted appellee's motion for summary judgment and dismissed appellant's complaint. This appeal followed.

The letter of March 14, 1962 from an assistant superintendent of schools to appellant read as follows:

Mr. Leslie Spicer
Central Junior High School
Dear Mr. Spicer:

At the last School Board meeting your contract for the school year 1962-63 was approved.

May I be among the first to offer congratulations.

Contracts will be sent following receipt of your acceptance. We would like to hear from you within ten days, accepting or rejecting this renomination.

All appointments and reappointments are subject to meeting certification rules of the State Board of Education, and the local rules of the Anchorage School District Board of Education.

We shall look forward to your rejoining our staff. Your step rating will be B-4+36 and your annual salary will be $7930.

If you have questions, please don't hesitate to contact my office.

Cordially yours,
/S/ R. Mattoon
Reinford L. Mattoon
Assistant Superintendent
for Instruction

RLM:adf

(Fill in blank with the word "accept" or "reject")

I accept your contract offer for the school year 1962-63.

/S/ Leslie L. Spicer
(Your signature)

Appellant contends that this letter amounted to an offer of a contract by the school board, that appellant accepted the offer when he filled in the blank at the end of the letter with the word "accept" and signed his name, that a binding contract then came into existence, and that the letter to appellant of May 23, 1962 from the superintendent of schools amounted to an unjustifiable repudiation of the contract which entitled appellant to recover damages from appellee. On the other hand, appellee contends that the letter of March 14, 1962 containing appellant's endorsement was at the best only a preliminary indication of future intentions on the part of the appellee and of appellant, and that a binding contract would not come into existence until the terms had been reduced to writing and the writing had been signed by appellant and two members of the school board, in accordance with certain regulations of the State Department of Education.

We agree with appellee that there was no contract. At the time the above mentioned incident took place, the statute authorized school boards in the several school districts in the state to "hire * * * teachers regularly qualified in accordance with the Department of Education rules and regulations and issue contracts to them for the ensuing school year * * *."[2] The pertinent regulation that dealt with teachers' contracts was Section 75 of the Rules and Regulations of the State Board of Education, dated July 1, 1961. The introductory paragraph of Section 75 provided as follows:

All teachers' and administrators' contracts for Alaska public schools must contain at least the following provisions and shall be executed on a standard contract form as established by the Commissioner of Education; provided that any school district may establish its own contract form which must contain at least the contract provisions set forth below and which must be submitted to the Commissioner of Education for his approval, which ap-

---

1. SLA 1960, ch. 92, § 1 (codified as AS 14.20.130–14.20.160).

2. SLA 1960, ch. 92, § 1 (codified as AS 14.20.130).

proval will be given in writing following approval by the Office of Attorney General and the Commissioner of Education:

Then followed a list of provisions that were required to be contained in a teaching contract, such as the date, name of school and name of teacher employed, the date the salary was to start and the length of service in school days, the annual salary and the number of payments, a statement of United States citizenship, a non-communist oath, a statement authorizing deductions for the Teachers' Retirement System if the particular teacher is eligible, a provision showing clearly that the teacher must file a medical certificate with the superintendent of schools, and a provision for contract termination in certain instances.[3] Finally, subsection (j) of Section 75 provided:

> (j) Contract made in duplicate and signed by at least two (2) members of the school board and the teacher. In the case of rural teachers, the signatures of the teacher and the Commissioner of Education are sufficient.

■ An independent school district such as appellee, being a creature of statute,[4] is bound by limitations on its actions imposed by statute or by rules and regulations adopted under statutory authority.[5] Section 75 of the Rules and Regulations of the Department of Education makes it clear that where the employment of teachers is concerned, it is necessary that there be a written contract containing certain provisions and that the contract be signed by the teacher and by at least two members of the school board.[6] If these requirements are not met, no contract exists because the school district has no authority to employ teachers except as prescribed by statute and regulation.[7]

■ The necessary requisites for the creation of an employment contract are absent here. The letter of March 14, 1962 from the assistant superintendent of schools to appellant did not amount to a contract because it did not contain all of the provisions required by Section 75 of the regulations, and because it was not executed by two members of the school board.

■ Appellant's next contention has to do with the teachers' tenure provisions of a statute enacted in 1960.[8] That statute, in relevant part, provides as follows:

> School boards in the several school districts * * * shall notify administrators and teachers of non-retention in writing postmarked or delivered on or before March 15. * * * In the event that written notification of non-retention, together with a clear statement of cause including a bill of particulars for such non-retention, is not issued before March 15, the administrators' and teachers' contracts shall be continued for the ensuing school year in conformity with the state and local salary stipulations including any

3. State Board of Education, Rules and Regulations, § 75(a)–(i) (1961) [codified as 4 Alaska Adm.Code § 75 (1963)].

4. AS 14.15.020.

5. Taggart v. School Dist. No. 1, 96 Or. 422, 188 P. 908, 911 (1920); see City of Oakland v. Oakland Unified School Dist., 138 Cal.App.2d 406, 291 P.2d 1001, 1003 (Dist.Ct.App.1956); 10 McQuillin, Municipal Corporations § 29.21, at 241 (3d ed. 1950).

6. Each independent school district has a school board which is charged with the management and control of all school matters within the district. AS 14.15.-030.

7. Board of School Com'rs v. State ex rel. Wolfolk, 209 Ind. 498, 199 N.E. 569, 572 (1936); Taggart v. School Dist. No. 1, supra note 5; In re Hawkins, 129 Pa. Super. 453, 195 A. 761, 763–764 (1937); Ickes v. Costlow, 127 Pa.Super. 180, 193 A. 287, 289 (1937); Cope v. School Dist. No. 122, 149 Wash. 76, 270 P. 120, 122 (1928); Knotts v. Board of Educ., 113 W.Va. 56, 166 S.E. 703, 704 (1932); 16 McQuillin, Municipal Corporations § 46.13 (3d ed. rev. 1963).

8. SLA 1960, ch. 92, § 1 (codified as AS 14.20.130–14.20.160).

annual increments. Teachers and administrators who have not been employed for at least two school years in the school system or who are holders of temporary certificates are excluded from any rights under this Act.

Appellant had teaching contracts with appellee for the school years 1960–61 and 1961–62. Appellant's contention is that when he was employed to teach for the second school year on May 23, 1961, the date that the 1961–62 contract was executed, he had been "employed for at least two school years in the school system", within the meaning of the statute above quoted, even though the actual teaching duties for the second year had not yet been performed. Appellant then goes on to argue that having been employed for two school years, he was entitled to notice of non-retention on or before March 15, 1962, and that since no such notice was given until May 23, 1962, his 1961–62 contract, under the 1960 tenure statute, was automatically continued for the succeeding school year.

We do not construe the word "employed" as appellant would have us interpret it. That word, in its ordinary sense, signifies the legal relationship or status of employer and employee. The use in the 1960 act of the term "who has not been employed for at least two school years", by virtue of the past tense "has not been", means that a period of two years as a teacher must have expired before one becomes eligible for tenure benefits. In appellant's case the two year period did not expire until the end of the school year in May 1962.[9] Thus, on March 15, 1962, the deadline date for giving notice of non-retention to tenure teachers, appellant was not entitled to the benefit of the tenure act, and the failure to give appellant notice of non-retention on or before that date did not cause appellant's 1961–62 contract to continue for another year.

The judgments [10] are affirmed.

9. The 1961–62 teaching contract called for appellant to perform the duties of a teacher during the 1961–62 school year "beginning on or about the 30th day of August, 1961 for a total not to exceed 183 school days, which total shall include legal school holidays as set by law."

10. There were two judgments entered by the court below by different judges. The first was entered on January 5, 1965 and dismissed the first and second claims of appellant's complaint. The second judgment was entered on January 11, 1965 and dismissed the remaining claim of the complaint.