# Costello *v.* School District, Appellant.

*Contracts—School districts—Employment of teachers—Damages for breach—Act of May 8, 1854, P. L. 617—Evidence.*

1. The minutes of a school district showed that on July 9, 1908, the proper committee submitted a report in which they said: "We recommend the following teachers......for the school year 1908-1909, High School......vice-principal, B." That at the same meeting the finance committee recommended that B be paid a salary of $110 per month, and on July 29, 1908, it was moved and seconded "that Solicitor Sharpless be instructed to draw contracts with teachers (naming among others B) as follows: With teach-

ers holding a State certificate or permanent, a contract for three years......(B was within this class). The roll call on the motion resulted as follows: (here follows the vote giving the names of the directors and showing a majority in favor of the motion)." On August 10, 1908, "it was decided by the board to have a writ of mandamus served upon the president to compel him to sign the contracts of the faculty of the high school, as he had heretofore refused to sign them, so as to get the work in the schools going and to have his signature on the contracts of the faculty aforesaid" (here follows the roll-call showing the vote and that the motion was carried). The next minutes showed that on August 6, 1909, another party was elected to the position in question, and when B reported for work he found his place occupied and that he was no longer required. It further appeared that the services of B were dispensed with and this without the assignment of any of the causes named in the Act of May 8, 1854, P. L. 617. In an action of assumpsit brought by B against the school district, it was held that B was entitled to recover the agreed salary of the balance of the three year term less the amount he earned in other employments during that time.

2. In such a case, the right of plaintiff to recover really depended upon the action of the board, of which their minutes would be the best evidence.

Argued April 14, 1913. Appeal, No. 223, Jan. T., 1912, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1910, No. 18, on verdict for plaintiff in case of Bernard E. Costello v. The School District of the Township of Hazle. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit upon a contract of employment. Before LITTLE, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict for the plaintiff in the sum of $2,076.34, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing binding instructions for the defendant.

A. C. *Campbell,* with him *Abner Smith,* for appellant.

*Frank A. McGuigan,* with him *James P. Costello,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1913:

This was an action in assumpsit brought by Bernard E. Costello, a school teacher, against a school district, to recover a balance of salary alleged to be due for two school years under a written contract of employment. The case was submitted to the jury and the plaintiff was awarded a verdict covering the unpaid salary for nine months in each of the two years, less the amount that he earned in other employments during that time; judgment was entered upon the verdict and the defendant has appealed.

The minutes of the school district show that on July 9, 1908, the proper committee submitted a report in which they said, "We recommend the following teachers...... for the school year 1908-1909, High School......vice-principal, Bernard Costello;" that at the same meeting the finance committee recommended that Bernard Costello be paid a salary of $110 per month; that on July 29, 1908, it was duly moved and seconded "that solicitor Sharpless be instructed to draw contracts with teachers (naming among others Bernard Costello) as follows: with teachers holding a state certificate or permanent, a contract for three years......(the plaintiff was within this class). The roll-call on the motion resulted as follows: (here follows the vote giving the names of the directors and showing a majority in favor of the motion)"; that on August 10, 1908, "it was decided by the Board, to have a writ of mandamus served upon President William Garlin to compel him to sign......the contracts of the faculty of the high school......, as he had heretofore refused to sign them, so as to get the work in the schools going and to have his signature on the contracts of the faculty aforesaid" (here follows the roll-call showing the vote and that the motion was carried). A written contract was signed by the proper

officers under the seal of the school district and executed by the plaintiff, in which the latter was employed for the term of three years at a compensation of $110 for each school month, to be paid monthly; reserving the right to the board of directors for the time being to dismiss said teacher at any time whatever, for any of the causes specified in the twenty-third section of the Act of May 8, 1854 (P. L. 617). The plaintiff served under this contract and received the agreed salary for one school year. The next minute shows that on August 6, 1909, one Seargent Prentis Turnbach was elected to the position in question; and when the plaintiff reported for work he found his place occupied and that he was no longer required.

The evidence shows that the services of the plaintiff were dispensed with; and this without the assignment of any of the causes named in the Act of 1854, supra. In fact, no cause for the discharge was given, and at the trial no justification was attempted; the real defense depended upon being that under the circumstances of the case the board of school directors had no power in law to make the contract with the plaintiff for three years, or if they had such power, then the minutes were insufficient to show a proper authorization of the contract sued upon. This defense is met by our rulings in Toye v. Exeter Boro. School District, 225 Pa. 236, 240. There the plaintiff was elected a school principal "for the incoming year," after which "motions were made and carried that the principal be elected for the term of three years and that he should receive $100 per month"; he "was dismissed by the board at the end of the first year" and brought an action to recover the agreed salary for the balance of the term. While that case was decided against the plaintiff upon the ground that the reasons assigned for his discharge were sufficient within the Act of 1854, supra, yet, in dealing with contentions similar to those urged by the appellant in this case, we said, "the defendant......alleges error in the admis-

sion in evidence of the contract of employment, claiming that there was no evidence of authority on the part of the president and secretary to execute any such contract. There is no merit in this...... The board of directors had power under the Act of June 25, 1885, P. L. 175, to elect the plaintiff for a term of three years: Burke v. School District, 28 Pa. Superior Ct. 16. The minutes of the board meeting show that the plaintiff was elected by the affirmative votes of the whole number of directors, and the names of the members voting for and against him are duly entered on the minutes as required by the Act of April 11, 1862, P. L. 471, Sec. 4. It also appears that resolutions fixing his term at three years and his salary at $100 per month were...... adopted. The contract executed in the name of the board by the president and secretary was in strict accord with the action of the board. While the plaintiff sues upon the written contract, his right to recover really depends upon the action of the board, of which the minutes are the best evidence. Having accepted the election and entered upon his duties, the contract was complete upon both sides. The admission in evidence of the written instrument did the defendant no harm." This excerpt from the Toye case aptly fits the present one and fully disposes of the defenses here depended upon.

The assignments of error are overruled and the judgment is affirmed.