Parnell, Appellant, *v.* School Board of Clymer Borough.

282

Submitted April 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Gilbert S. Parnell,* for appellant, cited: Lafean v. American Caramel Co., 271 Pa. 276.

*Peelor & Feit,* for appellee, cited: Lee, Holland & Co. v. Taylor et al., 154 Pa. 95; Electric Light Co. v. Poor District, 21 Pa. Superior Ct. 95.

OPINION BY BALDRIGE, J., July 10, 1930:

This appeal is from the order of the lower court dismissing a bill in equity brought to enforce the performance of a contract.

Plaintiff made an application by letter, dated January 2, 1926, for a position as teacher in the high school in the Borough of Clymer, Indiana County. She agreed to accept a salary "minimum for college graduates, provided by Pennsylvania Law." The Pennsylvania Law does not provide for a specific salary for teaching by college graduates, but they are eligible to teach in high school grades and the minimum for high school teachers is $130 per month. The minutes of the school board of April 19, 1926, show that the following action was taken: "Motion by Hohnke, Sec. by Templeton, that Elizabeth Stewart Parnell be assigned to teach English in the High School at Clymer. Votes, Templeton, Oakes, Miller, Hohnke, St. Clair. Salary not to be more than minimum for college graduates." In pursuance of the official action of the board, a contract, dated May 10, 1926, was signed on behalf of the board of directors by W. E. Oakes, president, and countersigned by Henry H. Davison, secretary, at a salary of $165 per month. The plaintiff began her services on August 31, 1926. When her monthly salary became due, a check for the sum of $130, less deduction for the pension retirement fund, was tendered her, and refused. The plaintiff continued rendering service, but did not accept the salary checks, contending that she was entitled to $165 per month, minus the legal deductions. It is conceded that an error was made by the secretary of the board in putting in the contract the sum of $165, monthly salary, instead of $130 as authorized by the board.

Under the Act of May 18, 1911, P. L. 309, Article 4, Section 403, which is a reenactment of the Act of April 11, 1862, P. L. 471, the affirmative vote of the majority of all the members of the board of school directors, duly recorded, showing how each member voted, is required in order to fix the salaries of teachers.

The representatives of the board who executed the contract had the power only that was granted. They were unwarranted in changing the terms of employment as sanctioned by the board. The principle involved herein has heretofore been before our appellate courts many times and they have uniformly held that, notwithstanding the president and secretary may have executed a contract in behalf of the board of directors, unless the action of the board expressly authorized the terms of the contract, it was not enforceable.

In the case of School District of Dennison v. Padden, 89 Pa. 395, the president and secretary of the board, without express authority, as required by the Act of 1862, supra, entered into a contract with a teacher. The court held that the contract was not enforceable. To the same effect are the cases of Dyberry School District v. Mercer, 115 Pa. 559; McCandless v. Summit Township School District, 55 Pa. Superior Ct. 277; Jackson v. Conneautville Borough School District, 280 Pa. 601.

In Waltman v. Albany Township School District, 64 Pa. Superior Ct. 458, the plaintiff taught seven months and was paid for the first two months and an action was brought to recover for her services for the last five months. The court held that she was not entitled to recover, as the minutes of the school board did not show an affirmative vote of the majority of the members and how each member voted.

It may seem that an undue burden is put upon a teacher who relies upon a written contract with officers of the school board, but, as we have stated, the officers who execute the agreement get their authority solely

as the result of the action of the board and cannot exceed the power given them. The action of the board is the basis of liability of the school district. When it is lacking, no recovery can be had. It was earnestly argued that the lower court's view of the case worked a great hardship on the plaintiff as she had other opportunities to obtain employment at a higher salary than $130, and, relying on the contract sent her for execution, she refused the other offers. This unfortunate circumstance " may not circumvent the effect of the contract's invalidity": In re: Appeal from the Report of Township Auditors of Coal Township, 95 Pa. Superior Ct. 401. Where there are statutory requirements, "all equities and implied liabilities are excluded": Cascade School District v. Lewis School District, 43 Pa. 318; In re: Appeal of Sykesville Borough, 91 Pa. Superior Ct. 335.

The learned court below had no alternative than to dismiss the bill for in any event equity lost no jurisdiction. Judgment is affirmed.