Ickes, Appellant, *v.* Costlow et al.

Argued April 19, 1937; reargued May 3, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, PARKER, JAMES and RHODES, JJ.

*Edward J. Harkins,* of *Scanlan & Harkins,* for appellant.

No appearance was made, nor brief filed, for appellees.

*Harry Doerr,* for School Board.

OPINION BY RHODES, J., July 15, 1937:

Appellant has appealed from the judgment of the court below overruling appellant's demurrer and discharging his writ of alternative mandamus. The writ was issued against C. D. Costlow, president of the board of school directors of the school district of Adams

Township, Cambria County, Pa., and R. F. Trotter, secretary of said board. After the proceeding was instituted, G. H. Miller succeeded C. D. Costlow as president of the board. A stipulation suggesting the retirement of C. D. Costlow as president of the board, and the substitution of G. H. Miller in his place, has been filed in this court by agreement of the parties.

Appellant, on September 7, 1936, filed a petition for a mandamus, in which he averred that he was elected on April 14, 1936, as high school principal by the board of school directors of the school district of Adams Township, Cambria County, Pa., at a salary of $1,800 per year; that on the fourth day of May, 1936, at a meeting of the school directors of the said district the minutes of the meeting of April 14, 1936, were read and approved by the board; that at the meeting on May 4, 1936, the board rescinded the motion adopted at the meeting of April 14, 1936, fixing the salary of appellant, and increased the same to $2,000; that the actions of the board were duly and legally recorded in the minutes of the respective meetings; that the minutes of said meetings set forth the names of each member of the board and the manner in which each member of the board voted upon the respective motions; that appellant was thus elected principal of the high school and his salary fixed; that appellant accepted his appointment or election as principal of the high school; that it was the duty of the president and the secretary of the board, the respondents, to execute on behalf of the board a contract in writing with the appellant, drawn in accordance with the appointment or election of appellant; that the execution of said contract is a purely ministerial duty in the performance of which the respondents had no discretion to exercise; and that demand was made that the act be performed, but that the same was refused. To the petition were attached copies of the relevant portions of the minutes of the respective meet-

ings. The petition concludes with the prayer that a writ of mandamus issue forthwith to C. D. Costlow, president of the board of school directors of Adams Township, Cambria County, and to R. F. Trotter, secretary of said board, commanding them to forthwith execute on behalf of the school district a contract with the appellant in accordance with the action of the board of school directors in appointing or electing him as principal of the high school in said district. An alternative writ of mandamus was issued. Answer was filed by respondents, wherein they averred that, before a contract was executed and delivered to the appellant, at a continued meeting of the board of school directors of the said school district held on July 20, 1936, it was moved and carried that "the election of Harry Ickes as Principal of the High School be expunged from the records"; that at a regular meeting of the board held on August 3, 1936, J. C. Gill was elected principal of the high school; that the various proceedings of the board therein stated were duly recorded in the minutes of the various meetings as required by the statute; and that no contract had been executed with the appellant. Appellant's demurrer to the answer was overruled, and the writ of alternative mandamus dismissed; he appealed.

The court below, in its opinion dismissing the writ, states: "To this [petition] respondents, after admitting the averments of the first eleven paragraphs, reply that on July 20 [1936] the election of the petitioner was 'expunged from the record,'—(equivalent to a rescission). And further, that at a regular meeting of the board held August 3, 1936, J. C. Gill was elected principal of the high school . . . . . . The Act of May 29, 1931, P. L. 243, Section 26 [24 PS §1126 Pocket Part] sets out in detail the exact form of contract between the school district and a teacher, and provides that such contract shall be executed in writing, in duplicate. Immediately upon his election as principal, it was within

the power of the petitioner to have made a demand that a contract be executed. This, however, the testimony discloses, was not done by him, at least until after the resolution rescinding his election had been duly passed, he contenting himself with having orally accepted the election. Until a written contract in duplicate is executed between the school district and the teacher, their relations are inchoate [and] executory, even though the proper resolution electing the teacher has been passed. This being the case, we are of the opinion that the school board was within its rights in rescinding the original election as principal ......"

We shall state and consider appellant's respective contentions: (1) That the rights and liabilities of the appellant and the board depend not upon any written contract, but upon the action of the board, of which the minutes are the best evidence, and that the contract was completed when the board legally elected the appellant and he orally signified his acceptance of the election; (2) that appellant could not be dismissed or his appointment vacated or another person appointed to his position unless he were given the opportunity of a hearing before the board after written notice of the charges against him had been presented to him; (3) that the execution of a written contract which is required by the act of assembly is a ministerial duty required to be performed by the president and secretary of the board, and that since it is a ministerial duty the appellant was entitled to compel the execution and delivery of the contract by writ of mandamus.

(1) In support of the first proposition appellant cites and relies upon *Toye v. Exeter Borough School District*, 225 Pa. 236, 74 A. 60, and *Costello v. School District*, 241 Pa. 179, 88 A. 363. These cases have no application as they do not relate to actions under the School Code (Act of May 18, 1911, P. L. 309, as amended [24 PS §1 et seq.]). Section 1205 of the School Code,

as amended (24 PS §1126 Pocket Part), provides that: "In school districts of the second, third, and fourth class, all contracts with teachers shall be in writing, in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the teacher.

"After the thirtieth day of June, one thousand nine hundred and twenty-nine, each board of school directors or board of public education in school districts of the second, third, and fourth class in this Commonwealth shall enter into contract, in writing, with all teachers, supervisors, supervising principals, and principals employed by them, and said contract shall contain the following: [the form of the contract prescribed follows]." See *Garland v. Riebe,* 78 Pa. Superior Ct. 567. This requirement is not found in the Act of April 11, 1862, P. L. 471, which was in force at the time the cause of action arose in both of the above cited cases.

It is true, as appellant states, that, notwithstanding the fact that a teacher had a written contract, there could be no recovery upon the contract unless it was shown that the appointment or election of the teacher was made in the manner required by statute. See *Costolo v. School District of Springhill Township,* 99 Pa. Superior Ct. 259; *Parnell v. School Board of Clymer Borough,* 99 Pa. Superior Ct. 281; *Waltman v. Albany Township School District,* 64 Pa. Superior Ct. 458. See, also, *McCandless v. Summit Township School District,* 55 Pa. Superior Ct. 277; *School District of Dennison Township v. Padden,* 89 Pa. 395. This proposition does not, as appellant argues, govern the present situation. Nor do the foregoing authorities sustain appellant's contention that the rights and liabilities of the parties depend entirely upon the recorded minutes of the meetings of the board. The manifest error in this position is the failure to take into consideration another equally vital requisite to the creation of contrac-

tual liability between the parties. In the absence of a written contract, strict compliance by the board with the mandatory provision of section 403 of the Code (24 PS §334) did not create a complete and irrevocable contract for appellant. See *Union Paving Co. v. Philadelphia*, 125 Pa. Superior Ct. 421, 190 A. 210. It must be recognized that the appointment or election of a teacher or principal in the manner required by the statute is a prerequisite to the validity of a written contract. But a valid and enforceable contract between the appellant and the school district required (a) his appointment or election as principal of the high school in the manner specified by the School Code, §403, 24 PS §334; and (b) the execution of a contract in writing on behalf of the board by the president and secretary of the board and signed by the appellant (§1205, 24 PS §1126). Both elements are equally vital and essential. Cf. *Morganstern Electric Co. v. Borough of Coraopolis*, 326 Pa. 154, 191 A. 603. No such valid contract having been executed by the parties, the board could rescind or revoke its previous action in electing appellant. This it did by a vote of a majority of all the members of the board properly recorded on the minutes. Although the board in taking such action used the word "expunge" instead of the words "revoke" or "rescind," there is no question in our minds as to the intent and effect of the board's action. The previous action of the board in electing appellant as principal of the high school was canceled, rescinded, or revoked. No official records, as appellant argues, were blotted out, effaced, or, in effect, physically destroyed. Following this rescission, revocation, or cancellation of appellant's previous election, the board proceeded to appoint another as principal of the high school.

(2) It is obvious that appellant was never legally engaged as high school principal. Although he was appointed or elected by the board, before any written con-

tract was executed as the statute requires the board rescinded his appointment or election. Section 1208 of the Code (24 PS §1127) can only apply to dismissal of principals or teachers who have been legally employed. Not having been so employed or engaged as the high school principal, the procedure for dismissal has no application. For the same reason, section 1209 of the Code (24 PS §1128), referred to by appellant, has no bearing on this case.

(3) Until there was a contract in writing, the board was not without power to rescind or revoke its prior action in appointing or electing appellant. *Potts v. School District of Penn Twp.,* 127 Pa. Superior Ct. 173, 193 A. 290. The board having exercised such power at a properly held meeting on July 20, 1936, before any contract in writing was executed, the president and secretary of the board had thereafter no authority to execute in writing a contract with appellant on behalf of the board of school directors. A mandamus lies to compel the performance of a ministerial act; but a writ will not issue, where a body such as the board of school directors clothed with discretionary powers has acted, to compel what would actually be a reversal of its decision. *Reese v. Board of Mine Examiners,* 248 Pa. 617, 622, 94 A. 246. Appellant now seeks to force the execution of a written contract by the president and the secretary of the board of school directors, when, as the record shows, the board had withdrawn any authority for these officials to execute such contract on its behalf and with the resulting liability of the school district. It was within the discretionary power of the board to revoke or rescind its appointment or election of appellant as high school principal; having done so, the officers of the board were divested of any authority to act as appellant has demanded. The substance of a case for mandamus was not shown,

188

and the court below did not err in dismissing the writ. See *Reese v. Board of Mine Examiners,* supra.

Assignments of error are overruled.

Judgment of the court below is affirmed.