## Potts, Appellant, *v.* Penn Township School District.

174

Argued April 21, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward Greb Bauer,* for appellant.

*Charles C. Crowell,* with him *Howard H. Whitehead* and *Daniel V. Crowell,* for appellee.

OPINION BY KELLER, P. J., July 15, 1937:

Appellant brought an action of assumpsit against the appellee school district—a school district of the third class—for salary alleged to be due her as a teacher for the school year 1934-1935. At the conclusion of her case the court sustained the defendant's motion for a compulsory nonsuit, and subsequently refused to take it off.

In support of her case, the plaintiff showed by the minutes of the school district that at a meeting held on May 23, 1934, at which all the members of the board were present, the following action was taken: "Motion by Painter, second by Reger, that we elect all teachers herein named as follows: ......

Loughner's School—Ida Potts

Vote carried."

The salary for the teacher of Loughner's School was admittedly fixed at $800 for the school year.

Following this the supervising principal prepared a contract and sent it to Miss Potts for her signature. She signed it and returned it, but it was never executed by the president and secretary of the board on behalf of the school district.

It was also shown that at a meeting of the board held on June 4, 1934 a petition was presented signed by residents and taxpayers of the district protesting against the election and assignment of the plaintiff as a teacher for the Loughner School for the year 1934-1935. Consideration of the matter was postponed to a 'continued' or adjourned meeting held on June 18, 1934,

with all members present, when the following action was taken:

"Motion by Blank, second by Painter, that the School Board make void the action taken by the board on April 30th and May 23d, 1934 of election and assignments of teachers for the school term of 1934 and 1935.

Vote—Berlin, Rutan, Painter, Watson, Blank—Yes
Reger, Long—No.  Vote carried."

Notice that her election as teacher had been rescinded on June 18, 1934 was sent to the plaintiff by letter of the secretary of the board on June 27, 1934.  On August 29, 1934 she wrote the secretary of the board that she had been elected a teacher for the school year 1934-1935 and would be present to teach on the opening day of school.  However, she was not permitted to teach and performed no service as teacher for the school year 1934-1935.

The trial judge ordered a compulsory nonsuit on the ground that the plaintiff had failed to show a contract, in writing, signed and executed by the proper officers of the school district, as prescribed by the School Code.

By section 1205 of the Code, as amended May 29, 1931, P. L. 243, 24 PS sec. 1126, Supp., it is provided that "In school districts of the second, third and fourth class, all contracts with teachers shall be in writing, in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the teacher. After the thirtieth day of June, 1929, each board of school directors, or board of public education in school districts of the second, third and fourth class in this Commonwealth shall enter into contract, in writing, with all teachers ...... employed by them and said contract shall contain the following:" [Then follows the form of contract prescribed.]

We agree with the learned court below that the elec-

tion of the plaintiff as teacher on May 23, 1934 did not operate as a valid and enforceable contract of employment by the defendant board unless and until a contract in writing was executed on behalf of the board of school directors by the president and secretary, as well as signed by the teacher, as prescribed by section 1205, supra, of the Code; and that until such a contract was executed by both parties, the action of the board in electing the plaintiff a teacher could be rescinded by a vote of a majority of all the members of the board duly recorded on the minutes. We recognize, and have no thought of departing from, the decisions which hold that the basic requirement of employment of a public school teacher is an election or appointment by the board of school directors duly recorded on the minutes of the board (*McCandless v. Summit Twp. School Dist.*, 55 Pa. Superior Ct. 277; *Costello v. School District of Hazle Twp.*, 241 Pa. 179, 88 A. 363; *Toye v. Exeter Boro. School Dist.*, 225 Pa. 236, 241, 74 A. 60; *Costolo v. School Dist. of Springhill Twp.*, 99 Pa. Superior Ct. 259; *School Dist. of Dennison Twp. v. Padden*, 89 Pa. 395); and that a contract in the form prescribed by the statute, executed by the president and secretary on behalf of the board and by the teacher, has no binding force and effect unless based on an election or appointment in compliance with the strict requirements of the statute: *Garland v. Riebe*, 78 Pa. Superior Ct. 567; *Parnell v. School Board of Clymer Boro.*, 99 Pa. Superior Ct. 281. But the legislature has seen fit to require that all contracts with teachers in school districts of the second, third and fourth classes, must be in writing, in duplicate, and in the form prescribed, and be signed by the teacher and executed on behalf of the board of school directors by the president and secretary. This provision is not unreasonable or arbitrary and it imposes an additional requirement or condition in order to make such a contract of employ-

ment valid and enforceable, at least in the absence of performance of service by the teacher. See *Ickes v. Costlow,* 127 Pa. Superior Ct. 180, 193 A. 287. It must be remembered that the Act of April 11, 1862, P. L. 471, which was in force when the case of *Toye v. Exeter Boro. School District,* 225 Pa. 236, 74 A. 60, was decided, and the other cases following it before the approval of the School Code of May 18, 1911, P. L. 309, contained no requirement in the statute that contracts with teachers must be in writing and be executed on behalf of the board of school directors by the president and secretary and signed by the teacher. That first appeared as a provision of the law in section 1205 of the School Code of 1911. The case of *Costello v. The School District,* 241 Pa. 179, 88 A. 363, while *decided* after the School Code of 1911, related to an action which was brought prior to the enactment of the School Code (Common Pleas Luzerne County, February Term, 1910, No. 18) and, therefore, was not governed by the provisions of the Code.

Such a contract is not a mere ministerial detail in the employment of the teacher. Until this requirement is complied with, there is no valid contract existing between the parties (*Union Paving Co. v. Phila.,* 125 Pa. Superior Ct. 421, 190 A. 210), which is not subject to rescission or revocation by action of the board duly taken and recorded.

The cases cited by the appellant dealing with the procedure prescribed for the dismissal of teachers have no application here. A teacher cannot be dismissed until she is first legally engaged. The plaintiff's case fails because she never was legally employed or engaged as a teacher.

Nor does section 1209 of the Code have any bearing on this case. The penalty prescribed by that section applies only to a teacher who, unless released by the board, refuses or neglects to teach through the term

for which she was *engaged*. Until she is legally engaged to teach by a valid, enforceable contract, she is not bound, nor subject to a penalty for its breach.

There is, also, another ground of defense which is fatal to the plaintiff's right of action.

Section 403 of the School Code provides: "The affirmative vote of a majority of all the members of the board of school directors in every school district of this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: ......

Appointing ...... teachers."

This provision is mandatory and must be complied with to constitute a valid appointment of teachers by the board: *McCandless v. Summit Twp. School Dist.*, 55 Pa. Superior Ct. 277; *Parnell v. School Board of Clymer Twp.*, 99 Pa. Superior Ct. 281; *Waltman v. Albany Twp. School Dist.*, 64 Pa. Superior Ct. 458. However, if the minutes show that the action was unanimously carried it is sufficient (*Tobin v. Morgan*, 70 Pa. 229; *Carns v. Matthews*, 114 Pa. Superior Ct. 528, 174 A. 840; *Burke v. School Dist.*, 28 Pa. Superior Ct. 16). But the minutes cannot be helped or supplemented by other testimony. They must show upon their face, in express words or by necessary implication, the names of the directors who voted in favor of the appointment, and that they constituted a majority of the entire board: *McCandless v. Summit Twp. School Dist.*, 55 Pa. Superior Ct. 277, 280; *Waltman v. Albany Twp. School Dist.*, 64 Pa. Superior Ct. 458.

The minutes of May 23, 1934 fail to show how each member voted on the motion to elect the plaintiff as teacher for the Loughner School, or that the motion was carried unanimously. It simply records the action, "Vote carried." This was not a compliance with the act of assembly and did not constitute a valid election or appointment of the plaintiff as teacher for the school

year 1934-1935. The minutes could not be aided or supplemented by the testimony of the secretary that the vote was unanimous. The validating act of May 11, 1927, P. L. 965, has no effect on the acts of school directors occurring after its enactment. By its terms it is confined and limited to actions taken, duties performed and powers exercised *theretofore,* that is prior to May 11, 1927, and it has no validating effect on subsequent acts of school boards.

On both grounds the action of the court below was justified.

The order is affirmed.