## Hawkins' Petition.

454

Argued November 17, 1937.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*T. H. Shannon,* with him *James W. Hawkins,* for appellant.

*W. Robert Thompson,* with him *W. Bertram Waychoff,*
for appellee.

OPINION BY RHODES, J., December 17, 1937:

This is a proceeding on a petition for a declaratory
judgment.

The material facts as disclosed by the record are not
in dispute. The issue on this appeal is whether the
facts warrant the conclusions reached by the court
below.

The petition for a declaratory judgment was presented by Earl L. Hawkins (hereinafter referred to as
plaintiff) against the School District of Morgan Township, Greene County, Pennsylvania. Plaintiff had been
a teacher in the public schools of that township for a
number of years. In August, 1936, plaintiff signed two
separate teacher's contracts, in duplicate and in blank,
except that one provided for a salary of $105 per

month, and the other for a salary of $120 per month. They were executed by the secretary of the board of school directors of Morgan Township, but were never executed by the president of the board. No contract with plaintiff as principal of a proposed consolidated school was ever authorized by the board by resolution prior to the partial execution of these contracts in August, 1936. At the beginning of the school year, in the fall of 1936, plaintiff entered upon his duties as teacher of a one-room school in the district, and taught as such for a period of 59 days, at a salary of $105 per month. A consolidated school building having been completed at the conclusion of the 59 days, plaintiff acted as principal and eighth grade teacher of this school at Lippencott for the remainder of the term, at $120 per month. Minutes of a meeting of the board, held on December 29, 1936, contain the following: "Earl Hawkins was unanimously elected principal and eighth grade teacher of Lippencott building for the remainder of this term at a salary of $120.00 a month." No contract was executed between plaintiff as teacher or principal of the Lippencott school subsequent to the meeting of December 29, 1936. On February 23, 1937, plaintiff was notified that his contract as principal of the Lippencott school would be terminated at the close of the school term.

On May 6, 1937, plaintiff executed a contract for the school year 1937-1938. This contract was also signed by the president and secretary of the board. It provided that plaintiff teach in the school district for a term of eight months; no compensation or place was stipulated therein. For the school year 1937-1938, plaintiff was assigned by the board as a room teacher in the Mather school of that district, and paid $120 per month. The principal of the Lippencott school for the year 1937-1938 receives a salary of $140 per month.

Plaintiff's petition for declaratory judgment avers

that he had been employed as principal of the Lippencott school during the school year 1936-1937, at $120 per month, and that the contract was in force on April 6, 1937, at which time Act of the General Assembly P. L. 213, approved April 6, 1937, became effective.

The court below determined, after hearing, that plaintiff was a professional employee of the school district; that he was employed during the latter part of the school year 1936-1937 as principal of the consolidated school at Lippencott in that district; that a valid contract of employment as principal of the Lippencott school existed between plaintiff and the school district; that notice of termination of the contract was null and void; that the action of the school board in transferring plaintiff from the position as principal of the Lippencott school, to a position as teacher of a room under a principal in the Mather school was a demotion without his consent, and irregular and illegal; that such demotion must be in accordance with the provisions of the act approved April 6, 1937.

The court entered judgment for plaintiff, from which the school district has appealed. The Act of General Assembly P. L. 213, approved April 6, 1937, further amends the School Code (Act of May 18, 1911, P. L. 309, as amended [24 PS § 1 et seq.]). Section 6 of this act (24 PS §1128) provides: "No contract in effect at the enactment of this act shall be terminated, except in accordance with the provisions of this act." The act became effective immediately upon its passage by the General Assembly and its approval by the Governor on the sixth day of April A. D. 1937.

The underlying issue in the case at bar resolves itself into the question whether, on April 6, 1937, plaintiff had a "contract in effect" with the school district as principal of the Lippencott school at $120 per month. With the adverse determination of this question no further consideration of the controversy is required.

For plaintiff to have had a valid and enforceable contract with the school district, providing for his employment as principal of the Lippencott school during the school year of 1936-1937, it must have been created in accordance with the mandatory provisions of the School Code (24 PS §1 et seq.). It is manifest that this was not done, and that plaintiff had no such contract in writing which was effective and binding on the respective parties on April 6, 1937.

We have recently pointed out in *Potts v. Penn Township School District,* 127 Pa. Superior Ct. 173, 193 A. 290, and *Ickes v. Costlow et al.,* 127 Pa. Superior Ct. 180, 193 A. 287, the requisites of a valid and enforceable contract of employment between a teacher or principal and a school district. In *Potts v. Penn Township School District,* supra, at page 179, in an opinion by President Judge KELLER, this court said: "Section 403 of the School Code [24 PS § 334], provides: 'The affirmative vote of a majority of all the members of the board of school directors in every school district of this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: ......

" 'Appointing ...... teachers.'

"This provision is mandatory and must be complied with to constitute a valid appointment of teachers by the board."

Section 1205 of the School Code, as amended by the Act of May 29, 1931, P. L. 243 (24 PS §1126) provides: "In school districts of the second, third, and fourth class, all contracts with teachers shall be in writing, in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the teacher.

"After the thirtieth day of June, one thousand nine hundred and twenty-nine, each board of school directors or board of public education in school districts of the

second, third, and fourth class in this Commonwealth shall enter into contract, in writing, with all teachers, supervisors, supervising principals, and principals employed by them, and said contract shall contain the following: [the form of the contract prescribed follows]." Defendant school district came within this section of the Code.

After the action by the board on December 29, 1936, whereby plaintiff was unanimously selected as principal of the Lippencott school for the remainder of the term, no contract in writing was executed as required by section 1205 of the School Code, as amended (24 PS §1126, pocket part).

The contract executed by plaintiff in August, 1936, and signed only by the secretary of the board, providing for plaintiff's employment as a teacher at $120 a month, was not predicated on the board's action as required by section 403 of the School Code (24 PS §334), nor was it executed in conformity with section 1205 of the School Code, as amended (24 PS §1126). Neither the school district nor plaintiff was bound by it. As plaintiff was not legally engaged as principal of the Lippencott school by a valid and enforceable contract, he was not bound; nor would he have been subject to a penalty for a breach. See *Potts v. Penn Township School District,* supra, p. 179. Section 1205, as amended (24 PS §1126) is further amended by Act approved April 6, 1937, P. L. 213, but the latter amendment has no bearing on this case.

In *Ickes v. Costlow et al.,* supra, at page 186, this court held: "But a valid and enforceable contract between the appellant and the school district required (a) his appointment or election as principal of the high school in the manner specified by the School Code, §403, 24 PS §334; and (b) the execution of a contract in writing on behalf of the board by the president and secretary of the board and signed by the appellant

(§1205, 24 PS §1126). Both elements are equally vital and essential. Cf. *Morganstern Electric Co. v. Borough of Coraopolis,* 326 Pa. 154, 191 A. 603." The action of the board on December 29th in appointing plaintiff as principal of the Lippencott school for the balance of the term did not create a valid and subsisting contract, nor did it validate the defective contract partially executed in August, 1936. See *Negley et al. v. Lindsay,* 67 Pa. 217.

Unless plaintiff can show a valid and enforceable "contract in effect" on April 6, 1937, he has no legal basis for complaint. In the absence of a compliance with the requirements of the School Code (24 PS §1 et seq.), there was no such contract between him and the school district for his employment as principal of the Lippencott school, and all equities and implied liabilities are excluded. See *Waltman v. Albany Township School District,* 64 Pa. Superior Ct. 458, 469. Our courts cannot disregard the mandatory formalisms prescribed by statute to create a binding contractual relationship between teacher and school district.

The notice of termination dated February 23, 1937, cannot be construed as creating a contract where none existed. This notice of termination in no way altered the existing status of the parties.

Judgment is reversed, with directions that the court below enter judgment in favor of the defendant. Appellee is to pay the costs.