Chilli, Appellant, *v.* McKeesport School District et al.

582

Argued March 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*James M. McCandless,* for appellant.

*N. A. Calhoun,* for appellees, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 8, 1939:
Appellant obtained an alternative writ of mandamus to compel the directors of the school board to execute a written contract with him for the construction of the East End School Building. Appellant demurred to the

answer filed by appellees. The court below discharged the writ.

Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right in the relator and a positive duty of the defendant to be performed, and where there is no other adequate, specific or appropriate remedy; mandamus can never be invoked in a doubtful case: *Homan v. Mackey et al.,* 295 Pa. 82, 85, 86. It may issue to compel a public officer to perform a ministerial duty, but it cannot issue against such officer where there is any discretion to act remaining in him. Appellant necessarily concedes, by instituting mandamus proceedings against the full board, that, under the School Code, a contract to be binding upon the school district must be in writing, executed by the proper authorities and that to this end further action by the board is necessary; otherwise his remedy at law for breach of contract would be adequate. "Where a statute prescribes the formal mode of making public contracts it must be observed; otherwise they cannot be enforced against the governmental agency involved": *Luzerne Township v. Fayette County,* 330 Pa. 247, 251-252, and cases there cited. If a written contract is necessary to bind the school board, as the Code seems to provide,[1] this requirement must be met, and until it is actually executed, the board has discre-

---

[1] Section 617 of the School Code as last amended 1931, May 29, P. L. 243, section 16, provides: "All construction, reconstruction, repairs or work of any nature . . . upon any school building or upon any school property, made by any school district in this Commonwealth, [where the amount exceeds $300 in districts other than those of the first class] . . . shall be *done under contract or contracts* to be entered into by such school districts . . ."

Section 312 as amended 1933, June 1, P. L. 1152, sec. 1, provides that "The President shall be the *executive officer* of the board of school directors, and as such he, *together with the secretary,*

tionary power to revoke the award without liability to the school district. See *Ickes v. Costlow et al.,* 127 Pa. Superior Ct. 180, 186, 187; *Potts v. Penn Township School District,* 127 Pa. Superior Ct. 173, 177, 178; *Smart v. Philadelphia,* 205 Pa. 329, 331; *McManus v. Philadelphia,* 201 Pa. 619, 622.[2]

Appellant contends, however, that the school board, by its resolution awarding the contract, exhausted its discretion and nothing remains to be done but the ministerial act of executing the contract. We cannot possibly construe this resolution as having exhausted all the discretion of the board, since there is nothing to show that the board ever acted upon, or finally approved by resolution, the form and terms of the contract to be executed by appellant, or that the president and secretary were authorized to execute the contract in the manner required by the Code. Neither the ordering of the execution, nor the approval of the written contract can be said to be a ministerial duty; each is a discretionary part of the board's function. The school board could not by its resolution awarding the contract declare it to be final, thus exercising all its discretion, when the Code expressly provides for execution. Until that is done, all acts leading thereto have the status of preliminary negotiations, and the board may rescind or revoke its award. It should be noted in addition that under

when directed by the board, *shall execute any and all* deeds, *contracts . . ."*

Section 316 of the School Code, May 18, 1911, P. L. 309, provides in relation to the duties of the secretary that "He shall attest, *in writing,* the *execution of all* deeds, *contracts,* reports, and other instruments that are to be executed by the board."

[2] The case of *Lansdowne v. Citizen's Elec. Light & Power Co.,* 206 Pa. 188, is distinguishable. There the municipality's solicitor had approved the written contract which the contractor was directed to submit, but the latter refused to execute it. There is no indication that the law required the contract in that case to be in writing. See *Morganstern Elec. Co. v. Coraopolis Boro.,* 326 Pa. 154, 158.

the terms of the bid, as submitted by appellant, he was not immediately bound by contract upon the making of the award, and if he revoked his bid, he merely forfeited his check or bond.[3]

The order of the court below discharging the writ is affirmed.

---

[3] "The undersigned encloses a certified check in the sum of five (5) per cent of the amount of the bid tendered, made payable to the order of W. T. Norton, Secretary; the amount of said check to be *forfeited by the bidder upon failure to enter into a contract within five (5) days* written notice of the award.
"OR
"The undersigned has properly executed and herewith encloses a Surety Company's Bidders Bond in the sum of five (5) per cent of the amount of the bid tendered, *conditioned for the execution of a contract within five (5) days written notice of the award.*"