## Cummings v. Middlebury Township School District et al.

*Edwin A. Glover*, for plaintiff.
*Crichton, Owlett, Cox & Wilcox*, for defendants.

ROSENFIELD, P. J. (forty-second judicial district, specially presiding), August 14, 1951.—This action arises on complaint by a school teacher asking for a mandamus to compel the present school directors of a school district and the school district to give to plaintiff a contract for the year 1947-48.

The complaint alleges that plaintiff was duly certified to teach in Pennsylvania, and had taught in Pennsylvania for more than two years; that the teacher for the fifth to eighth grades in the Keeneyville School had been transferred to another position; that on or about September 1, 1947, the then school directors of the district went to plaintiff's home, asked him to take the position, and he accepted; that the school directors thereupon agreed to give him a written contract; that he taught this room for the school year 1947-48; that plaintiff, at the time of the employment, asked for a contract; that during the latter part of December 1950 and early 1951, plaintiff again demanded such a contract, and that defendants refused to give the same.

Defendant answered that, some time prior to September 1, 1947, plaintiff went to the school board and sought the position stating that he would not ask to continue during the next year if the board did not so desire, and that there would be no question of tenure rights; that the members of the board not being in session, called on plaintiff and agreed to employ him for 1947-48 on a temporary basis only, and without formal contract, and without vesting in him tenure rights; that at this time plaintiff did not ask for a written contract and no director promised him one; that plaintiff's services were not satisfactory to defendant; that plaintiff taught the room in 1947-48; that if he had a right to a contract, he lost it at the end of the year 1947-48; that on January 30, 1951, plaintiff wrote the secretary of the board demanding a contract; that the secretary

never presented the letter to the board. Under new matter defendant alleged that defendant school district, on May 18, 1948, became part of a joint school district and, therefore, that defendant district had lost power to enter into contracts; that defendants were not members of the board until the first Monday of January 1950; that two members of the 1947-48 board were no longer members of the board and were not made defendants here; that plaintiff is guilty of laches in waiting so long before bringing this action; and that there are no minutes showing the hiring of plaintiff, how the directors voted, or the authorization of the president and secretary to sign a contract. In an amended answer, defendant alleged that plaintiff resigned from service at the end of the school year 1941-1942, and did not reënter service until he did so under what defendant terms the present invalid arrangement.

Plaintiff filed preliminary objections to defendant's answer in the nature of a motion for judgment for want of sufficient answer alleging that, under the law, since plaintiff had been a teacher in Pennsylvania, it was mandatory for defendant to give him a contract, and in the nature of a demurrer to the new matter in defendant's answer. Defendant replied thereto, alleging that its answer showed that plaintiff entered into a contract with defendant which was illegal, and that plaintiff is, therefore, estopped from taking advantage of his own illegal act; that if plaintiff had the right to contract, he surrendered it at the end of the school year 1947-48; that the two new members who were not then members have no power to join in executing the contract; that by reason of the fact that defendant is now a member of the new joint school district, it cannot now make a contract, and that plaintiff has been guilty of laches and asking us to overrule plaintiff's motion.

To entitle plaintiff to judgment for want of sufficient answer, the statement must be self-sustaining, that is, all the essential ingredients of a complete cause of action must affirmatively appear in the statement: West v. Pennsylvania Railroad Company, 328 Pa. 156; The Acme Manufacturing Company of Reading v. Reed, 181 Pa. 382; 4 Standard Pa. Practice 200; 31 Vale's Digest, 783, and numerous cases therein cited.

To be entitled to judgment, plaintiff must allege and prove:

"A clear legal right in the relator and a positive duty of the defendant to be performed. . . . Mandamus can never be invoked in a doubtful case,": Chilli v. McKeesport School District et al., 334 Pa. 581 (583) 1939.

"Where a statute prescribes the formal mode of making public contracts it must be observed; otherwise, they cannot be enforced against the governmental agency involved": Luzerne Township v. Fayette County, 330 Pa. 247, 251-52, cited in Chilli v. McKeesport School District, supra. "Our Courts cannot disregard the mandatory formalisms prescribed by statute to create a binding contractural relationship between teacher and school district": Hawkins' Petition, 129 Pa. Superior Ct. 453, 459 (1937).

The requisites of a valid enforcible contract of employment between school district and teacher have been pointed out many times by our appellate courts. See Hawkins' Petition, supra, and Spigelmire v. North Braddock School District, 352 Pa. 504 (507) 1949. They are: (1) The affirmative vote of a majority of all members of the board must be duly recorded showing how each member voted: Act of May 18, 1911, P. L. 309, sec. 403, 24 PS §334, which was a reënactment of the Act of 1862. It has been held repeatedly that acts of a school board done in violation thereof are void: Jackson v. Conneautville Boro. School District, 280 Pa. 601 (1924), citing, inter alia, the opinion by our distin-

guished predecessor, Judge Maxwell, in Waltman v. Albany Township School District, 64 Pa. Superior Ct. 458. This rule prevails under the Tenure Act; Commonwealth ex rel. v. Sunbury School District et al., 335 Pa. 6 (1939), wherein it is said that the minutes are the best evidence of the action of the board. This provision is reënacted in the Public School Code of March 10, 1949, P. L. 30, not applicable to this case, but indicative of the intention of the legislature, for it adds a clause in accordance with the decisions of the courts, providing that: "Failure to comply with the provisions of this section shall render such acts of the board of school directors void and unenforceable": 24 PS §5-508. A teacher is validly employed only where the employment has been approved and the salaries fixed by appropriate and duly recorded action of the board of directors, and the contract prescribed by the School Code has been executed: Antel v. McDonald School District, 71 D. & C. 216 (1949).

(2) The second requirement is that:

"All contracts with professional employees shall be in writing, in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the professional employee": Act of March 10, 1949, P. L. 30, 24 PS §11-1121; Hawkins' Petition, supra.

It seems clear to us, in any event, that the statutory requirements concerning the hiring of the teacher must be complied with.

"The *election* of a teacher or principal is a matter entirely separate and distinct from the execution of the *contract* between the board and such teacher or principal": Strine v. Upper Merion Twp. School Dist., 149 Pa. Superior Ct. 612, 621 (1942).

"But if the statutory requirements were not observed in the employment of appellant, the employment was not authorized by law, and no contract was 'in

effect'.": Garland v. Riebe, 78 Pa. Superior Ct. 567; Walters v. Topper et al., 139 Pa. Superior Ct. 292, 297 (1939).

"The Tenure Act of 1937 amended the School Code of 1911, and must be construed in relation to other provisions of that code to effectuate its purpose as a whole (Smith v. Philadelphia School District et al., 334 Pa. 197, 204, 5 A. 2d 535) ; where a statute amends part of a general code such as the School Code so that its apparent effect is to materially modify, partially destroy, or interfere with the general purpose of the code by conflict with other sections, the amendment should be strictly construed and made to conform to the general purpose unless the legislative intent is clearly and specifically otherwise (Ehret v. Kulpmont Borough School District, 333 Pa. 518, 522, 5 A. 2d 188) ": Walters v. Topper et al., 139 Pa. Superior Ct. 292, 296.

By the terms of the statute itself the contract with a teacher must contain this clause: "This contract is subject to the provision of the act, approved May 18, 1911, P. L. 309, . . . and the amendments thereto": Act of April 6, 1937, P. L. 213, sec. 2. A similar provision appears in the Act of 1949, 24 PS §11-1121. This certainly means that there is no contract unless all of the provisions of the code have been complied with.

Since plaintiff's statement does not set forth all the essential ingredients of a good cause of action, we cannot enter judgment in his favor. Even if this were not the rule, since the answer sets forth that the statutory requirements of hiring were not complied with, we are not permitted to enter summary judgment against defendant "Where, in a mandamus proceeding, plaintiff seeks judgment on the pleadings, the averments of the answer must be taken as admitted": Cary v. Lower Merion School District, 362 Pa. 310 (syllabus). Pennsylvania Rule of Civil Procedure 1091 provides that

the procedure shall, with certain exceptions, be the same in mandamus as in assumpsit. In general, summary judgment should be entered only when the answer clearly presents no meritorious defense: 4 Standard Pa. Practice 210. Defendant presents other defenses than the lack of legal hiring which, on the trial of the case, may have sufficient merit to cause us to exercise our discretion against the issuing of the writ. The hiring for a year only, as alleged by defendant, may not have brought him under the Tenure Act. Commonwealth ex rel. v. Sunbury School District et al., 335 Pa. 6 (1939). The fact that the present board of directors includes two men who were not on the board at the time when the teacher served, and does not contain two men who were on the board at that time may be sufficient to influence the court in like manner. It also may be that the plaintiff is guilty of laches when the facts are developed. Moreover, if plaintiff was the one who induced the contract of hiring in violation of all the rules of law, he may be coming into court with unclean hands and, in view of the complications which would arise in connection with the change of status as it existed when plaintiff was employed (for since that time the school district has become a joint district, and there has been a change in the board of direction), we have serious doubts as to whether we would be justified in awarding such a writ. See Waters v. Samuel, 367 Pa. 618 (1951).

### Order

And now, August 14, 1951, plaintiff's preliminary objections in the nature of a motion for judgment for want of a sufficient affidavit of defense are overruled, and plaintiff is directed to file any additional pleadings which he may have to file within 20 days from the service of a copy of this order.