## McCann v. School District of Kline Township

*Henry Houck*, for plaintiff.

*A. D. Bavolack* and *Roy P. Hicks*, for defendant.

CURRAN, J., March 3, 1941.—This is an action in assumpsit wherein plaintiff, Rose McCann, who was formerly employed as a school teacher by defendant school district, seeks to recover the sum of $900, the yearly salary of a teaching contract for the school year 1936-1937.

On August 11, 1934, plaintiff entered into a contract to teach in the Kline Township schools for the three terms of 1934-1935, 1935-1936 and 1936-1937 for a monthly compensation of $100, the school term being for a period of nine months.

In accordance with the terms of the contract, she taught the two terms of 1934-1935 and 1935-1936. On or about January 8, 1936, she received a letter signed by the president and secretary of the school board notifying her that her services would not be required after May 4, 1936, the end of the current school term. She was not permitted to teach during the school term of 1936-1937, and therefore she brought this action to recover her salary for that term. The case was tried before a jury and a verdict was returned for plaintiff in the full amount of her claim. Defendant has filed a motion for new trial.

Defendant presents two reasons in support of its motion for new trial. They are as follows:

"1. The verdict is against the weight of the testimony.

"2. The agreement between plaintiff and defendant is not a legal binding contract and therefore the plaintiff cannot recover."

The first reason assigned for a new trial must be overruled, as it comes within the provisions of rule 211 of our rules of court. Rule 211 is as follows:

"Reasons filed in support of such motions must be specific and must be self-sustaining. General reasons, that the verdict was against the law, or against the evidence, or against the weight and fair preponderance of the evidence, without further specifications with regard thereto, will not be considered."

The second reason for a new trial alleges that the written contract in this case does not comply with the provisions of section 1205 of the School Code of May 18, 1911, P. L. 309, as amended by section 26 of the Act of May 29, 1931, P. L. 243. Defendant avers that the written contract in this case varies from the form set forth in the act. In each instance complained of, the variation is due to the fact that this is a contract for three years and the form set forth in the act provides for a contract for a term of one year.

The Act of 1931, supra, did not make the granting of one-year teaching contracts mandatory upon the school boards of this Commonwealth. For this reason it is obvious that, where the term of the contract is for a longer period than one year, the provisions must vary from the form set forth in the act in order to express the intent of the parties. The act does not require that every contract be identical in its terminology but does require that the form prescribed by the act be followed in the preparation of teachers' contracts. Only in cases where the form prescribed by the act has been disregarded or completely ignored will the court declare a teaching contract to be void and unenforcible: Callery v. New Philadelphia School District, 6 Schuyl. L. R. 391.

Where the alleged teaching contract is not evidenced by a written agreement it clearly does not come within the statutory requirements. This distinguishes the cases of Potts v. School District of Penn Township, 127 Pa. Superior Ct. 173, and In re Hawkins' Petition, 129 Pa. Superior Ct. 453.

The second reason presented by defendant in support of its motion for a new trial must therefore be overruled.

And now, to wit, March 3, 1941, the motion for new trial on behalf of defendant is overruled and judgment is directed to be entered in favor of plaintiff for the amount of the verdict.